152 So. 466

## CABLE–BURTON PIANO CO. v. THOMAS.
### 5 Div. 902.

Court of Appeals of Alabama.
Nov. 7, 1933.

Rehearing Denied Nov. 28, 1933.

Percy M. Pitts, of Clanton, and Robert E. Smith, of Birmingham, for appellant.

J. B. Atkinson, of Clanton, for appellee.

BRICKEN, Presiding Judge.

The appellant instituted an action in detinue in the circuit court of Chilton county for a piano.

We have read the evidence in this case very carefully, and are satisfied that the great weight of the evidence shows that the piano in question was delivered to Rev. J. C. Hill in Clanton, Ala., on trial, in contemplation of selling the same to him at a later date. In fact, when the piano was originally delivered, it was contemplated that it would be delivered at the courthouse for a meeting that Rev. Hill had intended to hold in the courthouse, but, when the truck transporting the piano arrived there, the meeting had been called off and the piano was sent to Rev. Hill's home, where it remained for some time while the appellant engaged in an effort to sell him the piano. Rev. Hill at the time was renting a house from Mrs. Geneva Calloway. He got behind with his rent and the landlord ran an attachment on his furniture and effects. The attachment was also levied on the piano, and it was subsequently sold to satisfy the landlord's claim for rent. The defendant was the purchaser at the sale.

Some time later the appellant was notified by Rev. Hill that he could not purchase the piano, and, when a representative called for the piano, it was discovered that it had been levied on and sold under attachment. Demand was made upon the defendant for the possession of the piano, after which this detinue suit was instituted, and on a trial before a jury a verdict was returned for the defendant. No payment was ever made on the piano. The piano was delivered to Rev. Hill about the middle of May, 1931. Considerable correspondence passed between Rev. Hill and the appellant. On August 29th, we find that the appellant's salesman wrote Rev. Hill as follows: "Following up our telephone conversation on Friday, I am certainly counting upon you to come to our store either Saturday, Sept. 5th or Monday, the 7th, as we have had this piano out for quite sometime and we are willing to give you any reasonable terms, but it will be necessary for you to make payment if you desire to keep the piano."

Again, on September 4th, appellant's salesman wrote Rev. Hill as follows: "As I explained to you over the phone, we have had the piano out quite sometime and certainly we are very anxious to get the matter closed. I have been just as lenient as possible, but must ask that you either come by the store or mail a payment on receipt of this letter."

It appears without dispute that among the terms discussed was that Rev. Hill was to pay $10 down when the sale was consummated, but no sum was ever paid.

On the trial in the court below, the court charged the jury orally as follows: "Now, the court charges you as a matter of law, that the landlord has a lien upon all furniture, personal property that goes into his or her house, for rent and has the right to assume and can assume that it does belong to the person who brings it there, unless notice is brought to him or her to the contrary."

The record shows that, at the conclusion of the court's oral charge, counsel for appellant stated as follows: "We want to except to that part of your Honor's charge where he said that the law in this State is that the landlord has a lien on all furniture going into a house, of which he has no notice of other lien."

We think it fairly certain that this exception by the appellant was directed to the part of the court's oral charge above quoted.

Section 8814 of the Code of 1923, gives the landlord of any storehouse, dwelling house. or other building, a lien on the goods, furniture, and effects belonging to the tenant. In order for property in a rented house to be subject to a landlord's lien, the property must have belonged to the tenant. The law does not give a landlord a lien on any furniture or other personal property which goes into his or her house, for rent, unless that furniture or personal property belongs to the tenant.

The opinion here prevails that the part of the court's charge quoted was erroneous and prejudicial to the appellant.

If it be assumed that some elliptical and ambiguous expressions found in the bill of exceptions arise to the dignity of a scintilla of evidence opposed to the conclusions of fact we have just stated, we are so thoroughly convinced that the great weight of the evidence conclusively establishes that the piano was loaned to Rev. Hill and placed with him on trial as that it would be unconscionable to permit this verdict to stand. The verdict of the jury is plainly and palpably contrary to the evidence in the case, and appellant's motion for a new trial on that ground, among others, should have been granted.

For the reasons stated, the judgment of the court below is reversed, and the cause remanded. This disposition of the case renders a discussion of several other points raised by the appellant unnecessary. They may not arise on a subsequent trial.

Reversed and remanded.